Eufetk, J.
 

 The Court does not concur in the opinion held by his Honor, as to the point on which the controversy turns. We are not prepared to say that a purchaser for value from John McNeill, with the concurrence of McDugald, would not have a good title, although the deed between these persons was intended as a security for money, and that was not expressed in it, and so it could not be registered as a mortgage, which we suppose to be the ground of the position taken at the trial. If the purchaser would get the title, so would a do-nee, if the transaction were, in other respects,
 
 loonafide;
 
 for so far as McNeill was a trustee for McDugald, it was his duty to convey as ordered by his
 
 cestui que trust.
 
 But it is not deemed necessary to express an opinion on that point, either way, since the Court holds that in a proceeding of this kind, it is essential to charging the defendant, that the plaintiff should establish that the defendant holds under a fraudulent conveyance from the debtor in the judgment, or upon a delivery on a secret trust for him in particular. It cannot be that one who holds adversely to the debtor, can be brought in by a
 
 scire facias,
 
 to make a declaration of his title, in order to found an issue upon the question whether the property is in the holder, or in the debtor; or, that a debtor to the original defendant can be charged in that way with the payment of the judgment debt. The act of 1806 was passed for no such purpose. It is entitled “An Act to secure creditors against fraudulent and secret conveyances of property by insolvent debtors,” and recites the mischiefs to be frauds committed by persons making conveyances upon some secret trust, or by persons concealing the property of insolvent debtors, so as to enable them to avoid, or delay the payment of their just
 
 *454
 
 debts; and then it enacts, that, upon the affidavit prescribed, the plaintiff may have a
 
 scire facias
 
 against any person claiming' any estate under an alleged fraudulent conveyance by the debtor, of his property to avoid or delay the payment of his debts, or against- any person charged in the affidavit willi concealing any money or other estate, for the use of the debtor, or for the purpose of enabling him to avoid or delay the payment of liis- debts, and that upon the appearance of the party served} he shall declare on oath, whether he holds, or is in possession of' any money, goods or other estate under any conveyance made by the defendant upon any secret trust, or any secret delivery, to hold the same to the use of the defendant, or any other person, to enable him, the defendant, to avoid the payment of his just debts. It is then manifest upon the particular language, and the whole structure of the act, that the only case within its purview, is that of a secret trust between the debtor and the party brought in by
 
 scire facias,
 
 in respect to property claimed by the latter under a conveyance from the former, devised to defraud his creditors, or in respect to something deposited with him by the debtor, or some one for him, for the use and benefit of the debtor. The secret trust and fraud, are essential ingredients of the case for which the act provides a remedy. Supposing then, that in this case, the defendant, McNeill, were connected with the daughter Rebecca, still the fraudulent character of the conveyance to her would he material to the liability of this defendant; and as to the matter of fraud, the evidence was strong to sustain the case under the provisions of the act of 1840. But the defendant is not connected, either in the issue or the evidence, with the title of Rebecca, or indeed with Dngakl McDugald, as claiming under a conveyance from either, upon a secret trust, or as holding upon any delivery, for the use of the debtor, or to enable him to avoid the payment of his debts. The party states in his answer, that he holds upon a purchase from one Margaret McDugald, at the price of $2,400, to be applied to the payment of certain debts of Dugald McDugald and herself, com -tracted in 1854, for which be was bound as surety, and that it
 
 *455
 
 was all applied in that way, and on that statement the plaintiff asked for no issue, and one was not directed. So, that on the record and the evidence, there is nothing to connect the defendant with the debtor Dugald McDngald, showing that the former claimed the negroes under a fraudulent conveyance from the latter, or held the property, or- the proceeds, upon trust to his use, which are the only grounds upon which he can be charged in this action.
 

 Per Curiam, Judgment reversed and a
 
 venire ele novo.